**HOLMAN, Admrx. d.b.n. v WARRICK et**

Probate Court, Licking Co

No 8614. Decided Feb 27, 1942

**OPINION**

By ASHCRAFT, J.

This cause came into this court on the petition of the plaintiff Hattie B. Holman, as administratrix de bonis non with the Will annexed of the estate of Charles W. Seward, deceased, to construe the Will and Codicil to the Will of said testator Charles W. Seward, and especially Item 5 of said Will and the Codicil to said Will.

Said cause of action was heard upon the pleadings filed in said Court, the evidence, arguments of Counsel and is now submitted to this Court upon the law and the evidence and briefs filed by learned counsel for all the parties.

And the parties through their counsel, having admitted the allegations of plaintiff's petition to be true; that the testator Charles W. Seward died October 4, 1918, that he left Anna G. Seward his widow, who died November 1, 1940; that of the brothers, sisters and nephew of the testator Charles W. Seward named in Item 5 of said Will and in the Codicil to said Will, J. A. Seward and W. C. Seward, brothers, Mary E. Baugher, Orpha Seward and M. C. Legge sisters, and L. O. Legge, nephew, were all living at the time of the death of the testator Charles W. Seward and all died before the death of Anna G. Seward the widow of the testator Charles W. Seward; that L. O. Legge was the son of M. C. Legge, died before his mother M. C. Legge and left Kenneth Legge, Hilda Legge, Leah Legge and Eleanor Legge, his children and issue; that Mary E. Baugher died before Orpha Seward.

Said petition prays for the direction

and judgment of this Court on the provisions of Item 5 of said Will and the Codicil to said Will, which are as follows:

Item 5: At the death of my wife, I desire that the farm, if it has not been sold, be converted into money, and the net proceeds of any such sale or the investments, if any, made under the provisions of Item 4, shall be distributed as follows:

First: To the Board of Conference Claimants of the M. E. Church $100.00.

Second: To the First M. E. Church of Newark, Ohio, the sum of $1000.00.

Third: The remainder to be equally divided between the following brothers and sisters: J. A. Seward of Tampa, Fla. In case of his death before the vesting of the bequest to him, I desire that the same shall pass to and vest in his two daughters, Josephine and Annabelle.

W. C. Seward: In case of his death before the vesting thereof, I desire that the same shall pass to and vest in Ruby Kent and Chas. G. Seward, $50.00 to be paid to Ruby and the remainder to Chas. G.

Mary E. Baugher: In case she shall have died before the vesting of the bequest to her, the same shall pass to and vest in my sister Orpha.

M. C. Legge: In case of her death before the vesting of her bequest, I desire that same shall pass to and vest in L. O. Legge.

M. Belle Holman: In case she shall have died before the vesting of her bequest, I desire that the bequest to M. Belle Holman shall pass to and vest in her children, Walter, Earl and William each $50.00: the remainder to be equally divided among the three girls, Lottie, Hattie and Nevada.

Chas. W. Seward makes and declares this a codicil to his last will and testament, and hereby modifies that portion of his last will and testament in which a devise of $300.00 was made to said Florence Smith, and reduces the said devise to $200.00 to be paid to her out of the proceeds of the sale of the farm by James A. Seward out of his portion thereof, upon written order of my said wife, Anna G. Seward.

I hereby desire and do modify the share devised to Watson G. Seward in the following respects, giving him absolutely the sum of $300.00 out of the sale of the farm, the remainder of that portion of the farm which would have passed to him, I direct shall be divided as follows, $100.00 to be paid to Ruby Kent, the balance thereof to Charles G. Seward.

and especially as to the following, to-wit:

J. A. Seward of Tampa, Fla. In case of his death before the vesting of the bequest to him, I devise that the same shall pass to and vest in his two daughters Josephine and Annabelle.

Mary E. Baugher: In case she shall have died before the vesting of the bequest to her the same shall pass to and vest in my sister Orpha.

M. C. Legge: In case of her death before the vesting of her bequest, I desire that the same pass to and vest in L. O. Legge.

The first question before this Court to decide is when did the legacies given in Item 5 of said Will vest, at the death of the testator Charles W. Seward or at the death of his widow Anna G. Seward.

In determining this it is necessary to read Item 4 of said Will which is as follows:

Item 4. I give and devise unto my wife my farm in Newark Township, to have and to hold the same during her natural life. I authorize her, however, if the management of the same should become a source of worry to her, to sell the same at public or private sale and deed of conveyance to be made to the purchaser. The proceeds of any such sale. if made, to be invested in non-taxable securities, preferably government bonds, in the name of my es-

tate, interest and accretions to be payable to her My land in Hillsborough Co., Fla., I give to my wife in fee simple.

And authorizes the sale of the farm and provides for the investment of the proceeds of the sale.

This farm having been sold by the widow of the testator and the proceeds of the sale invested and she now being dead.

We come to Item 5 of said Will which provides in case the farm is sold by the testator's wife as follows:

"At the death of my wife, I desire that_____the net proceeds of_____ the investments,_____made under the provisions of Item 4, shall be distributed as follows:_____."

After a careful examination of this Will and Codicil and the law, especially the law submitted by learned counsel in their briefs, this Court is of the opinion and finds that the estate created in Item 5 of said Will ▇▇▇▇▇▇▇ is an estate in remainder and is contingent and vested at the death of Anna G. Seward the life tenant and not at the death of the testator Charles W. Seward, as a conversion of the property was necessary (a sale of the investments, the farm having been sold by Anna G. Seward the life tenant) before distribution to the remainder men. There is no doubt that this was the intention of the testator Judge Seward from an examination of the whole Will and especially because in Item 4 of said Will which created a life estate, he used the word "devise" and in Item 5 of said Will which created an estate in remainder, he used the word "bequest", thereby indicating he intended a conversion of his estate from real property to personal property and that the same vest at the death of the life tenant Anna G Seward. And the Court feels that Judge Seward fully understood the legal meaning and significance of the terms he used in his Will and Codicil, and that he is assumed to in-

tend what he says. This answers the question raised in a case of **Imhoff v Imhoff**, Court of Appeals, Ashland Co., Ohio, **27 Abs 272.**

See **11 OO 85, Holt v Miller, 11 OO 375, Holt v Miller, 16 OO 204, Lash, Admr. v Miller et, 30 Oh St 288, Richey v Johnson; 79 Oh St 358, Barr v Denney.**

And it is the further opinion of the Court and he finds as follows:

That the part of Item 5 of said Will which is as follows:

"J. A Seward of Tampa, Fla. In case of his death before the vesting of the bequest to him, I desire that the same shall pass to and vest in his two daughters Josephine and Annabelle."

and modified by the Codicil which is as follows:

"_____ a devise of $300.00 was made to said Florence Smith, and reduce the said devise to $200.00 to be paid to her out of the proceeds of the sale of the farm by James A. Seward out of his portion thereof"

goes to and vests in the two daughters of J. A. Seward, Josephine and Annabelle each one-half after paying the sum given to Florence Smith.

That the part of Item 5 of said Will which is as follows:

"_____ Mary E. Baugher: In case she shall have died before the vesting of the bequest to her the same shall pass to and vest in my sister Orpha"

as both Mary E. Baugher and Orpha died before the vesting and as the Will provided if Mary E. Baugher died before it vested it was to go to Orpha, this part goes to the oth-▇▇▇▇▇ er four portions given in Item 5 to the brother and sisters each just a ¼ as provided under §10504-73 GC.

The part of Item 5 of said Will which is as follows:

"_____ To M. C. Legge: In case of her death before the vesting of her bequest, I desire that the same shall pass to and vest in L. O. Legge"

as both M. C. Legge and L. O. Legge died before the vesting and as the will provided if M. C. Legge died before it vested it was to go to L. O. Legge, it will go to and  vest in Kenneth Legge, Hilda Legge, Leah Legge and Eleanor Legge, share and share alike, the children and issue of L. O. Legge as provided under §10504-73 GC.

You will draw your entry accordingly.

Exceptions noted.